HIRAM MILLIKEN, plaintiff in error, *vs.* HENRY H. STEINER, defendant in error.

1. The charter of a bank provided that the directors should serve until the end of the first Monday in January next ensuing the time of their election, and no longer; that the directors, at the first meeting after their election, should choose one of their number president; that if it should happen that an election of directors should not take place upon the proper day, the corporation should not be deemed dissolved, but the election should be had on some other day. At a meeting of the stockholders, held on December 20th, 1865, the directors were authorized to cause the then president and cashier to execute a deed of assignment. This instrument was made and delivered on January 4th, 1866, by the president and cashier in office at

the time of the aforesaid meeting of the stockholders. The first Monday in January, 1866, was then passed, and no new board of directors or new officers had been elected:

*Held*, that the president and cashier before referred to were the proper officers to execute such assignment. They were officers *de facto* if not *de jure*.

2. Section 1494 of the Code providing the method by which an assignment by a bank may be set aside at the instance of creditors, applies only to a case where there has been a voluntary surrender of the charter.

Banks. Officers. Assignments. Before Judge Gibson. Richmond Superior Court. October Term, 1875.

Reported in the decision.

Amos T. Akerman, by E. N. Broyles, for plaintiff in error.

W. H. Hull; Frank H. Miller, for defendant.

Warner, Chief Justice.

This was a claim case, and the record shows the following facts :

On the 19th day of September, 1865, suit was instituted in Richmond superior court on bills of the Mechanics' Bank, and service was perfected on Thomas S. Metcalf, president, personally, on September 23d, 1865. Judgment was rendered January 15th, 1867, for $8,839 00, based on a verdict of a jury, without any plea, and levied February 20th, 1875, there being on the execution a return of no property, December 9th, 1869 ; claim was interposed February 23d, 1875.

The following were admissions on the trial ;

1st. That the lot of land in controversy was, on the 4th of January, 1866, and for many years before, the property of the Mechanics' Bank, and was so at the date of the levy, unless it had ceased to be by virtue of the facts and proceedings hereinafter shewn.

2d. The deed of assignment, dated January 4th, 1866, from the Mechanics' Bank to William T. Gould, signed by Thomas S. Metcalf, as president, and John A. North, as cashier, with the corporate seal affixed, with acceptance of the trust

Milliken *vs.* Steiner.

by the assignee on January 4th, 1866, and recorded January 5th, 1866. The deed is without preference, conveys the lot levied on, with all other property of the bank, in trust for the creditors of the bank, and authorizes it to be sold in such manner and on such terms as the trustee may deem most for the interest of the trust.

3d. The Mechanics' Bank was incorporated by the act of the legislature, approved December 21st, 1830 : Pam. 34, Prince's Digest to 1837, page 94.

4th. The charter of said bank was extended by act approved February 20th, 1854, to 1880.

5th. Notice was given December 2d, 1865, by an advertisement signed by J. A. North, cashier, by order of the directors, of a general meeting of the stockholders, December 20th, 1865, to consider the condition of the institution.

6th. At the meeting held December 20th, 1865, the following resolutions were passed :

"*Resolved* by this meeting, being a representation of a majority of the stock of said bank, that a general meeting of stockholders be called, to be held on the 20th day of February next, to consider the propriety and necessity of surrendering the charter.

"*Resolved*, that in the meantime, and to avoid unjust preferences among the creditors of the bank, the board of directors be requested forthwith to cause the president and cashier, under the corporate seal of the bank, to execute and deliver to such person or persons as they may select, a deed of conveyance and assignment of all and singular the estate, goods, moneys, evidences of debt, and property of every description, real and personal, in possession and in action, belonging to this bank, reserving what may be necessary to pay officers' salaries, incidental expenses and attorneys' fees, up to the completion of said assignment, in trust for the payment of all the indebtedness and obligations of said bank, without any distinction, except as is provided by law."

7th. On the same day the directors met and ordered the assignment to be made as soon as deemed advisable.

8th. The assignment was made Thursday, January 4, 1866, by the president and cashier with the corporate seal affixed, to William T. Gould, with no other preferences than is or may be authorized by law, and with authority to sell in such manner as the trustee may deem most for the interest of said trust.

9th. A notice was published December 21, 1865, signed by twenty-one of the stockholders, being the owners of over two hundred shares, notifying the stockholders to assemble in general meeting, February 20, 1866, to consider the propriety of surrendering their charter and attending to any other matter touching the interest of said bank.

10th. The stockholders met in convention on February 20, 1866; they ratified and confirmed the proceedings of the preceding meeting, surrendered their charter and ceased to do business, of which action of the stockholders a copy was sent to the Governor of Georgia, who, in his message of March 1, 1866, informed the Senate "that a copy of the proceedings of a meeting of the stockholders of the Mechanics' Bank, ratifying and confirming the proceedings of a previous informal meeting (heretofore communicated) and surrendering their charter," was of file in his office.

11th. The trustee accepted the trust, took possession of the property, held possession until July 6, 1869, when he sold the same at public outcry, at the place of public sales, after due notice of forty days in the public gazettes, to H. H. Steiner, for the sum of $7,700 00, who has been in quiet and undisturbed possession ever since, under deed from the assignee, recorded July 24, 1869.

12th. There was no election of directors of the Mechanics' Bank, or president of the bank, after January, 1865, and the first Monday in January, 1866, was the first day of the month.

13th. The following are the provisions of the charter of the Mechanics' Bank of December 21st, 1830, relating to the qualifications and authority of the directors and stockholders:

"Section 5. For the well ordering of the affairs of the said corporation, there shall be nine directors, who shall be elected

as soon as gold and silver coin to the amount of twenty per cent. of the subscriptions for said stock shall have been received, and in each and every year thereafter, the directors shall be chosen by the stockholders or proprietors of the capital stock of said corporation, when a plurality of votes given in shall be required to make a choice; and those who shall be duly chosen at any election shall be capable of serving as directors, by virtue of such choice, until the end of the first Monday in January next ensuing the time of such election, and no longer; and the said directors, at their first meeting after each election, shall choose one of their number as president, and in case of his death, resignation, removal from the state, or from the board of direction, the said directors shall proceed to fill the vacancy, by a new election for the remainder of the year.

"And provided further, that in case it should at any time happen that an election of directors should not be made upon any day when, pursuant to this act, it ought to have been made, the said corporation shall not for that cause be deemed to be dissolved; but it shall be lawful on any other day to hold and make an election of directors in such manner as shall have been regulated by the rules and by-laws of said corporation."

Fundamental articles of the constitution of said corporation:

"Section 7, Article 4. Not less than five directors shall constitute a board for the transaction of business, of whom the president shall always be one, except in case of sickness or necessary absence, in which case his seat may be supplied by any director appointed by the board of directors present for that purpose.

"Article 5. A number of stockholders, not less than twenty, who together, shall be proprietors of two hundred shares, or upwards, shall have power, at any time, to call a meeting of stockholders for purposes relative to the institution, giving at least sixty days notice in one of the public gazettes of the city of Augusta, specifying in such notice the object of such meeting.

" The cashier or treasurer of the bank, before he enters upon the duties of his office, shall give bond with two or more securities, to the satisfaction of the directors, in a sum not less than $20,000 00, with condition for his good behavior, and the faithful discharge of his duties. \* \* \* \*

"The bills obligatory and of credit, notes and other contracts whatever, on the behalf of the said corporation, shall be binding and obligatory upon the said company. *Provided* the same be signed by the president, and countersigned or attested by the cashier of the said corporation." \* \* \*

The court charged the jury : First, that under the admitted facts of this case the assignment was valid, and passed title out of the bank. Second, that if the assignment was not valid, the plaintiff (who was admitted to have been a creditor of the bank at the time,) should have objected to it under the law, in section 1494 of the Code, and not having done so, he could not now object to it, the record of the deed of assignment having been notice to him from the date of the record.

The above charge was given in lieu of the several requests of the plaintiff to charge, which were refused, whereupon the plaintiff excepted. The jury, under the charge of the court, found the property levied on not subject.

1. The claimant purchased the property from the assignee of the bank, for which he paid the sum of $7,700 00, and took a deed from the assignee therefor, and the main question in the case is, whether the title to the property passed out of the bank by the assignment and vested in Gould, the assignee, so as to enable him to convey it to Steiner, the claimant? The plaintiff insists that at the time the assignment was made by Metcalf, as the president of the bank, under the resolution of the stockholders thereof, that his office as president, by the provisions of the charter, had expired four days prior to the execution of the deed of assignment, to-wit: on the last day of December, 1865. It appears from the evidence in the record that there was no election for directors or president of the bank after January, 1865, and that the first Monday

in January, 1866, was the first day of that month.   The charter of the bank required that the directors thereof should be elected and be capable of serving as directors by virtue of such choice until the end of the first Monday in January next ensuing the time of such election, and no longer; and that the said directors, at their first meeting after each election, should choose one of their number as president : *Provided,* that in case it should at any time happen that an election of directors should not be made upon any day when, pursuant to this act, it ought to have been made, the said corporation shall not for that cause be deemed to be dissolved, but it shall be lawful on any other day to hold and make an election of directors in such manner as shall have been regulated by the rules and by-laws of said corporation.   What the rules and by-laws of the corporation were is not disclosed in the record now before us.   The charter does not declare that the acts of the president and directors, when not re-elected on the day prescribed, shall be void ; but on the contrary, the proviso before recited manifestly contemplates that their acts shall not be void.   In our judgment, inasmuch as the resolution of the stockholders of the 20th of December, 1865, authorized the then board of directors forthwith to cause the then president and cashier, under the corporate seal of the bank, to execute and deliver the deed of assignment in question, it passed the title of the property of the bank to the assignee.   If the officers who executed the deed of assignment were not *de jure* officers of the bank for that purpose, they were at least *de facto* officers of the bank and *the* persons contemplated by the stockholders to make it : Angell & Ames on Corporations, sections 283, 287.   Besides, the stockholders, at a meeting held on the 20th of February, 1866, after the assignment had been made, ratified and confirmed the proceedings of the preceding meeting held on the 20th of December, 1865.   In the case of the *Mechanics' Bank vs. Heard,* 37 *Georgia Reports,* 401, this court held that service of a writ on Metcalf, as president of the Mechanics' Bank, on the 12th of September, 1866, was good service in a suit against the bank.   If he

was president of the bank for the purpose of perfecting service in a suit against the bank on the 12th of September, 1866, in contemplation of the law, surely he was quite as much president of the bank when he executed the deed of assignment on the 4th day of January, 1866.

2. Although the second charge of the court may have been error, and we think it was, as the 1494th section of the Code applies to such banks only as have made a voluntary surrender of their charters, or the use thereof, according to law, still, the first charge of the court was right, in view of the facts contained in the record, and should have controlled the case in favor of the claimant.

Let the judgment of the court below be affirmed.